IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| NORRIS DEWAYNE ROBERT, #10103002 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv121 |
| BOTIE HILLHOUSE, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Norris DeWayne Robert, a prisoner confined at the Henderson County Jail proceeding *pro se* and *in forma pauperis*, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the proceedings. For the reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A.

**I. Robert's Amended Complaint**

Robert's amended complaint is the operative complaint in this proceeding, (Dkt. #9). An amended complaint entirely supersedes and takes the place of an original complaint. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). Robert is suing (1) the Henderson County Justice Center, (2) the City of Athens, (3) Officer Hutchinson, (4) Sheriff Hillhouse, and (5) Captain Barnett. He describes a May 2019 incident in as follows:

> In Athens, Tx., at the Washdry Laundry mat the City of Athens an officer John Hutchinson violated my constitutional right to Life, Liberty, Justice. I was harassed, threatened, an[d] emotional[ly] assaulted by Hutchinson as he removed me from laundry and accused me of crimes on possessions in a vehicle I did not own or even passergered [sic] in. Hutchinson filed false & misleading information to my arrest an[d] wrongfully imprisoning me. This officer has harassed me for years in multiple arrest as records show all relayed [sic] as he states "hates" [] because I'm a black guy who lifes [sic] check by check in the black community Im a criminal. Was transported an[d] then held on false charges by Henderson

County Justice Center. While housed under charges of City of Athens, Henderson County an[d] defendants [coerce] in unconstitutional behavior an[d] professional conduct.

(Dkt. #9, pg. 4-5).

Robert further asserts that his life is in danger. He states that the Henderson County Justice Center places in him in danger through rusty dorms, lack of medical, freezing temperatures, lack of recreation, lack of religious services, insufficient plumbing, poor air circulation, and the like. Robert asserts that his life is in danger "to contract" a transmitted disease due to jail staff failing "to [follow] procedure to prevent such things." *Id*. Everyone at the jail, Robert insists, is in danger of injury. Robert seeks prosecution/discipline of the media and press, compensation, and the expungement of charges.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr Cnty., Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the

irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

### III. Discussion and Analysis

The Court understands that Robert raises claims concerning the conditions of his confinement. Like convicted prisoners, a pretrial detainee may challenge the conditions of his confinement. *See Blake v. Tanner*, 2020 WL 3260091, at *2 (N.D. Tex. May 20, 2020)

("Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'") (quoting *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009)).

In evaluating a conditions of confinement claim, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle v. Gamble*. 429 U.S. 97 (1976); *see Wilson v. Seiter*, 501 U.S. 294 (1991). A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when the official in fact draws that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, "[i]f the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating … [an] individual jail official's actual intent to punish because ... intent may be inferred from the decision to expose a detainee to an unconstitutional condition." *Shepherd*, 591 F.3d at 452.

"A condition is usually the manifestation of an explicit policy or restriction: the number of bunks per cell, mail privileges, disciplinary segregation, etc." *Id*. However, in some cases, a condition may be demonstrated through a pattern of acts or omission, but proving a pattern is a heavy burden that is rarely met. *Id*. "Further, to constitute impermissible punishment, the condition must be one that is 'arbitrary or purposeless' or, put differently, 'not reasonably related to a legitimate goal.'" *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)). Finally, even if jail officials actually knew of a substantial risk to inmate health or safety, they may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844.

Here, however, Robert provides no specifics, details, or any elaboration connecting the named Defendants to a constitutional violation. For example, Robert alleges that the dorms are rusty and that he was "denied medical," but he fails to articulate facts or anything further. His

conclusory allegations are insufficient under section 1983. *See R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (explaining that conclusory allegations are insufficient in a section 1983 proceeding). Robert's amended complaint is conclusory and should be dismissed.

The amended complaint suffers from additional flaws. Robert fails to articulate facts or details linking any named Defendant to a specific action let alone constitutional violation. It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, 2017 WL 5514519 *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant.").

Here, Robert's entire amended complaint is devoid of facts or details establishing a causal connection between any act of the named defendants and an ensuing constitutional violation. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must either be personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed."). For this reason, his amended complaint fails to state a claim upon which relief may be granted and therefore should be dismissed.

A close inspection of Robert's amended complaint shows that he failed to plead any harm stemming from an act of the named Defendants. 42 U.S.C. § 1997(e), enacted as part of the Prison Litigation Reform Act (PLRA), provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody <u>without a prior showing of physical injury</u> . . ." (emphasis supplied); *see also Siglar v.*

5

*Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was *de minimus* and did not meet the physical injury requirement found in the PLRA). The law in this circuit is clear: In order to state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." *See, e.g., Lee v. Wilson*, 237 F. App'x 965, 966 (5th Cir. 2007) (unpublished) (affirming the dismissal of a prisoner's excessive force claim, holding that the prisoner's split lip was a *de minimus* injury and the conduct was not repugnant to the conscience of mankind).

Robert states that he was "denied medical," but neither provides details nor explains how he was harmed. Similarly, he asserts that the dorms are rusty and that the plumbing is insufficient but fails to explain he was harmed by these conditions. His global complaint concerning the various conditions at the jail, without pleading any harm, does not state a claim upon which relief may be granted. To the extent Robert maintains that he is fearful of contracting a disease while incarcerated, such claim is speculative and meritless. *See United States v. Koons*, 455 F. Supp. 3d 285, 292 (W.D. La. 2020) (explaining that general concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds for any type of redress).

To the extent Robert maintains that "everyone housed" is at risk of injury, a person who claims the deprivation of a constitutional right must "prove some violation of their personal rights." *See Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986). In other words, a section 1983 civil rights action is a personal suit; it does not accrue to a relative or bystander. *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (unpublished) ("In addition, Gregory would lack standing to seek § 1983 damages for violations of other prisoners' rights . . ."). Robert's various conclusory assertions about the general conditions of the jail—temperatures, services, cleanliness, plumbing, lack of lights, and food—fail to establish that he suffered a constitutional violation and fail to state a claim.

## RECOMMENDATION

For these reasons, the undersigned recommends the above-styled civil action be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 6th day of September, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE